IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM T. MORTON, Administrator to the<br>Estate of OM PANDYA, deceased,<br>VISHALBHAI PANDYA and VISHAKHABEN<br>PANDYA, Individually, and on behalf of their<br>minor child, KRUSHNA PANDYA | : : : : : | CIVIL ACTION |
| | : | DOCKET NO.   1:23-CV-314 |
| Plaintiffs | : | |
| V. | : | |
| | : | |
| KUFNER TOWING, INC., | : | |
| UNITED RENTALS (NORTH AMERICA), INC., | : | |
| a/k/a UNITED RENTALS, INC. | : | |
| and MICHAEL E. BUSH | : | |
| Defendants | : | |

## PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

AND NOW, this 7th day of December 2023, comes the plaintiffs, William T. Morton, Administrator to the Estate of Om Panya, deceased, Vishalbhai Pandya and Vishakhaben Pandya, Individually, and on behalf of their minor child, Krushna Pandya, by and through their attorney Charbel G. Latouf, and files the following First Amended Civil Complaint, averring in support as follows:

1.   Plaintiffs, Vishalbhai Pandya and Vishakhaben Pandya, are husband and wife and reside in Ontario, Canada.

2.   Plaintiffs, Vishalbhai and Vishakhaben Pandya are the natural parents of Krushna Pandya, a minor, who also resides in Ontario, Canada.

3.   William T. Morton is an adult individual residing in Erie, Pennsylvania and brings this suit as the administrator of the Estate of Om Pandya; on his behalf and on behalf of all statutory beneficiaries; and as a personal representative of Om Pandya. Decedent, Om Pandya, died without a spouse on May 22, 2023, and was ten (10) years old at the time of his death.  He died intestate and with no children.

4.    Under 42 Pa.C.S.A.§8301(b), Om Pandya's beneficiaries are his father, Vishalbhai Pandya, and his mother, Vishakhaben Pandya.

5.    Kufner Towing, Inc., is a corporation or other business entity organized and existing under the laws of the State of Ohio with its registered office or principal place of business at 3775 Bridge Road, Cleveland, Ohio 44144.

6.    Defendant, Kufner Towing, Inc., purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous, and systematic business activities in Pennsylvania and regularly conducts business in or through Erie County.

7.    Defendant, Michael E. Bush, is an adult individual residing at 3456 West 127th Street, Cleveland, Ohio, 44111.

8.    At all relevant times, Defendant, Michael E. Bush was employed by Defendant Kufner Towing, Inc. and was acting on behalf of Defendant Kufner Towing, Inc and acting within the scope of his employment.

9.    United Rentals (North America), Inc., (hereinafter referred to as United Rentals Inc.), is a corporation or other business entity organized and existing under the laws of the State of Delaware with its registered office or principal place of business at 100 First Stamford Place, Suite 700, Stamford, CT, 06902.

10.    Defendant, United Rentals, Inc., purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous, and systematic business activities in Pennsylvania and regularly conducts business in or through Erie County.

11.     At all times material hereto, Defendant, Kufner Towing, Inc., acted or failed to act, by and through its agents, ostensible agents, servants, workman and/or employees, who were then and there acting within the course and scope of their authority in the course of their relationship with said Defendant and furtherance of Defendant's pecuniary interests.

12.     Defendant, Kufner Towing, Inc., is vicariously or otherwise responsible for the negligent, careless, reckless, grossly negligent, and torturous acts and/or omissions of its agents, extensible agents, servants, workman and/or employees, including but not limited to defendant, Michael E. Bush.

13.     At all times material hereto, United Rentals, Inc., acted or failed to act, by and through its agents, ostensible agents, servants, workman and/or employees, who were then and there acting within the course and scope of their authority in the course of their relationship with said Defendant and furtherance of Defendant's pecuniary interests.

14.     Defendant, United Rentals, Inc., is vicariously or otherwise responsible for the negligent, careless, reckless, grossly negligent, and torturous acts and/or omissions of its agents, extensible agents, servants, workman and/or employees, including but not limited to Defendant, Michael E. Bush and Kufner Towing, Inc..

15.     On May 22, 2023, all Plaintiffs were lawfully and properly stopped in their motor vehicle on Interstate 90 near or around the Girard exit in Erie County.

16.     All plaintiffs were traveling eastbound in a long-term construction zone with a posted speed limit of 65 miles per hour.

17.     All Plaintiffs were stopped behind the flow of traffic, of which roadway was restricted to one lane, when the tow truck vehicle driven by Defendant, Michael E. Bush, and owned by Defendant, Kufner Towing, Inc., was traveling too fast for the particular road

conditions and failed to stop and ultimately colliding with and rear-ended Plaintiffs' vehicle.

18.    As a result of the violent collision, all Plaintiffs suffered significant injuries and the Decedent, Om Pandya, was killed.

19.    The roadway consisted of two (2) lanes, one (1) for each direction of travel, separated by a concrete traffic barrier, as Plaintiffs' vehicle was traveling eastbound.

20.    The roadway was straight and downhill with a large shoulder on the south side separated by a solid white fog line.

21.    The roadway was asphalt, was in good condition and free from debris as the weather was sunny and approximately 68 degrees.

22.    The crash occurred as Plaintiffs were stopped in their eastbound traffic lane, due to a crash further east.

23.    Plaintiffs' vehicle was at a complete stop when Defendant, Michael E. Bush, failed to stop his vehicle and/or failed to notice the stopped vehicles and collided with Plaintiffs' vehicle in the six (6) o'clock position with its eleven (11) o'clock positioned front end.

24.    After the collision, Plaintiffs' vehicle then was pushed forward and struck the concrete traffic barrier with its eleven (11) o'clock position causing it to overturn onto its passenger side where it came to a final rest on its right side and facing in an eastern direction.

25.    Defendant Bush was operating the vehicle (a tow truck with a flatbed) owned by Defendant, Kufner Towing, Inc..

26.    Defendant Bush was employed by Defendant, Kufner Towing, Inc. and was in his course of employment with Defendant, Kufner Towing Inc., at the time of the accident.

27.    Defendant, Kufner Towing, Inc., and Michael Bush were employed by Defendant, United Rentals Inc., to haul or tow a commercial trailer containing a commercial generator, owned by Defendant, United Rentals Inc., from Cleveland, Ohio to New York State.

28.    The commercial trailer contained a gas generator owned by Defendant United Rentals, Inc., weighing approximately ten thousand (10,000) pounds.

29.    The commercial trailer was equipped only to carry the generator and was set up with a braking system.

30.    The trailer braking system was not attached to Defendant Bush's tow truck causing the breaks to be inactive or inoperable.

31.    Defendant Bush admitted to the State Police Officer that he did not notice the vehicles stopped in the roadway and tried to break but his vehicle would not stop.

32.    Defendant Bush also admitted that the trailer unit was equipped with a breaking system, however, his tow truck was not equipped with an independent braking system and the appropriate wiring harness or plugs needed to engage and operate the breaking system on the trailer and therefore could not attach to the trailer's braking system.

33.    Defendant, Kufner Towing, Inc., and Defendant Bush tow the same generators for Defendant United Rentals, Inc., regularly.

34.    Defendant Bush admitted that his employer, Defendant, Kufner Towing, Inc., tells him and the other employees to tow the trailers even though the trucks are not equipped to attach to the breaking system ( also known as independent air breaks) of the trailer.

35.    Defendant Bush admitted that Defendant United Rentals Inc., knew his tow truck was not equipped with an independent braking system to attach to the trailer. (fix numbering)

36.  Defendant United Rentals, Inc., knew or should have known that the vehicle driven by Defendant Bush and owned by Defendant, Kufner Towing, Inc., lacked the proper breaking system to legally tow the trailer and generator and that it was in violation of Pennsylvania law.

37.  The Pennsylvania motor vehicle statute 75 Pa. C.S.A. § 3518(4) Equipment/Braking System, requires all motor vehicles towing a trailer weighing over three thousand (3,000) pounds to be equipped with independent and operable braking systems.

38.  Knowing this information, all Defendants intentionally, willfully and recklessly disregarded Pennsylvania law and the serious nature of towing a ten thousand (10,000) pound trailer without the adequate breaking system.

39.  All Defendants intentionally and willfully disregarded the law and possible safety hazards created, when they towed or allowed to be towed, the trailer and generator knowing that the breaking system was inoperable and that they knew that stopping the vehicle (in this case a tow truck), would become more difficult without the independent breaking system attached.

40.  Defendant, United Rentals Inc., knew or should have known that the tow truck did not have a independent breaking system or wiring harness for the trailer's breaking system or that the breaking system was inoperable prior to allowing the trailer unit to be released and towed by Defendants Bush and Kufner Towing, Inc.,

41.  Defendant, United Rentals, Inc., knew or should have known, after careful inspection, that the appropriate breaking system was not installed and attached to the tow truck prior to the trailer and generator leaving United Rentals, Inc., facility.

42.    Defendant, United Rentals Inc., by and through its employees and agents should have inspected the breaking system and tow truck before allowing the trailer to be towed or leave their facility.

43.    As a result of all Defendants' willful, wanton, or reckless decision, Defendant, Michael E. Bush, so carelessly, negligently, and recklessly caused the accident as the absence of a breaking system or inoperable breaking system on the trailer ultimately contributed to his vehicle failing to stop within an assured clear distance and violently crashing into Plaintiffs' vehicle causing all Plaintiffs to sustain catastrophic personal injuries and ultimate death to decedent as more specifically set forth herein.

44.    Solely, and as a direct result of the outrageous, willful, and wanton behavior, recklessness, carelessness, negligent and/or other liability producing conduct of all Defendants, as stated above, all Plaintiffs sustained injuries that led to significant pain and suffering, fear of impending death, loss of earning capacity, extensive medical bills, disfigurement, scarring and emotional distress.

45.    Solely and as a direct result of the outrageous, willful and wanton behavior, recklessness, carelessness, negligent and/or other liability producing conduct of all Defendants, Plaintiff decedent  sustained injuries that led to his death; sustained conscious pain and suffering and fear of impending death; sustained a permanent loss of earnings and loss of earnings capacity;  sustained permanent loss of enjoyment of life, loss of life's pleasures and loss of life's  hedonic pleasures; has been permanently prevented from performing all of his usual duties, potential occupations, recreational activities and avocations all to his and his beneficiaries' loss and detriment.

46.    All Defendants are liable for punitive damages as all Defendants had a subjective appreciation of the risk of harm to which Plaintiffs were exposed to and that they all acted, or failed to act, as outlined above, in conscious disregard of that risk.

47.    All Defendants are jointly and severely liable for injuries and damages alleged herein.

### COUNT I –NEGLIGENCE
**Plaintiffs Vishalbhai Pandya and Vishakhaben Pandya, Individually, and on behalf of their minor child, Krushna Pandya vs. Kufner Towing, Inc., and Michael E. Bush**

48.    Paragraphs 1-47 are incorporated by reference as if fully set forth herein.

49.    Defendants, Kufner Towing, Inc., who are vicariously liable, by and through their employee, Defendant Michael E. Bush, were careless, reckless, and grossly negligent when Michael E. Bush drove a truck, owned by Defendant Kufner Towing Inc., towing a trailer owned by Defendant United Rentals Inc., in the following manner:

(a)    Crashing into Plaintiff's decedent's vehicle;

(b)    Operating the vehicle at an excessive rate of speed under the circumstances;

(c)    Failing to stop the vehicle prior to striking Plaintiff's decedent's vehicle;

(d)    Failing to maintain proper and safe control of their vehicle;

(e)    Causing the vehicle to violently crash and strike into Plaintiff's decedent's vehicle;

(f)    Careless driving for failing to slow his vehicle speed while towing a trailer without an independent breaking system;

(g)    Failing to observe traffic and vehicular conditions then and there existing;

(h)    Failing to obey traffic signals, controls, signs, and warning then and there existing;

(i)    Failing to maintain a proper and safe lookout for the traffic and road conditions there and then existing;

(j)    Failing to maintain a proper and safe lookout for stopped vehicles such as Plaintiff's decedent's vehicle;

(k)    Failing to properly maintain the vehicle and have it operate in a proper and safe manner;

(l)    Operating the vehicle in violation of the ordinances and statutes of the Commonwealth of Pennsylvania such as 75 Pa. C.S.A. § 3518(4) Equipment/Braking;

(m)    Failing to use reasonable care under all the circumstances by failing to avoid an accident;

(n)    Failing to observe safe driving precautions and procedure under all of the circumstances, such as driving the vehicle slower than the speed limit due to the weight of the trailer they were towing in light of no independent breaking system;

(o)    Failing to ensure that the vehicle being operated was safe for its intended purpose since it did not have wiring for the trailer's independent breaking system;

(p)    Requiring and ordering Defendant Bush  to tow the trailer knowing that the tow truck was incapable of legally towing the trailer as it did not have a wiring for the trailer's independent breaking system;

(q)    Failing to properly train and supervise employees and management as to the requisite dangers involved with allowing the trailer to be towed without the proper breaking system attached to the tow truck;

(r)     Failing to properly train and supervise management and employees regarding federal and state guidelines relative to the release and towing of a ten thousand (10,000) pound trailer without adequate breaking system attached;

(s)     Failing to adopt, enact, employ, and enforce proper and adequate safety programs, procedures, measures and plans for the release of heavy equipment and the required equipment needed for a tow truck to be permitted to tow a ten thousand (10,000) pound generator; such as but not limited to assuring that all tow trucks are equipped with an operable breaking system;

(t)     Failing to provide employees with proper and adequate safety equipment and vehicles;

(u)     Failing to hire appropriate consultants or train their employees and supervisors/managers on how to exercise due care over the circumstances described herein;

(v)     Failing to operate the vehicle in accordance with the Federal Motor Carrier Safety regulations providing for the towing of a trailer requirements of an independent breaking system;

(w)     Violating 75 Pa. C.S.A. § 3361 Driving a Vehicle at a Safe Speed;

(x)     Violating 75 Pa. C.S.A. § 4502(c) General Requirements for Braking Systems;

(y)     Violating 75 Pa. C.S.A. § 3714 Careless Driving;

(z)     Violating 75 Pa. C.S.A. § 3310 Following too Closely; and

(aa)    Violating 75 Pa. C.S.A. § 3518(4) Equipment/Braking System.

50.     Defendant's actions or inactions were substantial factors and/or factual causes and/or increased the risk of harm to all Plaintiffs.

51.    By reason of the carelessness, negligence and other liability producing conduct of Defendants as previously stated, Plaintiffs all sustained injuries that led to conscious pain and suffering and fear of impending death; loss of earnings and loss of earnings capacity; loss of enjoyment of life, loss of life's pleasures and loss of consortium; medical bills required to be paid and future medical bills to be paid.

52.    By reasons of the Defendants' intentional or negligent violation of Pennsylvania law, 75 Pa.C.S.A. § 3361, 4502, 3714, 3310 and 3518(4), Defendants are *Negligent Per Se*.

53.    Defendants intentional violation of state law and intentionally towing or allowed to be towed, a trailer containing over ten thousand (10,000) pounds in weight and in excess of the three thousand (3,000) pound breaking system requirement, as outlined in 75 P.S.A. § 3518(4), constitutes intentional, wanton, or willful and outrageous conduct warranting punitive damages.

WHEREFORE, Plaintiff's demand judgment against defendants, jointly and/or severally in an amount in excess of fifty (50,000.00) thousand in compensatory damages, delayed damages pursuant to Pa. R.C.P. § 238, interest and liable costs of suit, punitive damages and brings this action to recover same.

## COUNT II –WRONGFUL DEATH ACTION
### Plaintiff William T. Morton, as Administrator and Personal Representative of the Estate of Om Pandya, deceased vs. Kufner Towing, Inc., and Michael E. Bush

54.    Paragraphs 1-53 are incorporated by reference as if fully set forth herein.

55.    Plaintiff, William T. Morton, brings this action as Administrator and Personal Representative of the Estate of Om Pandya, Deceased, on behalf of those entitled by law to recover for his wrongful death under and by virtue of 42 Pa. C.S.A. § 8301, et seq, commonly known as the Pennsylvania Wrongful Death Act.

56.    No action for damages was brought by Om Pandya during his lifetime as a result of the accident at issue of this case.

57.    Plaintiff, William T. Morton, claims damages for the pecuniary loss suffered by Decedents' beneficiaries by reason of death of Om Pandya and specifically for reimbursement of medical expenses, funeral expenses, and expenses of administration.

58.    Plaintiff, William T. Morton, as Administrator of the Estate of Om Pandya, claims damages resulting from the depravation of comfort, aide, assistance, and society and the loss of guidance and tutelage to his beneficiaries due to the death of Om Pandya.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and/or severally in an amount in excess of fifty (50,000.00) thousand in compensatory damages, delayed damages pursuant to Pa. R.C.P. § 238, interest, and liable costs of suit, and brings this action to recover same.

### COUNT III–SURVIVAL ACTION
**Plaintiff William T. Morton, as Administrator and Personal Representative of the Estate of Om Pandya, deceased vs. Kufner Towing, Inc., and Michael E. Bush**

59.    Paragraphs 1-58 are incorporated by reference as if fully set forth herein.

60.    Plaintiff, William T. Morton, as Administrator of the Estate of Om Pandya, also brings this action under and by virtue of Pa. C.S.A. §8302, commonly known as the Pennsylvania Survival Act.

61.    The Estate of Om Pandya claims damages for pain and suffering, embarrassment, humiliation, disfigurement, and loss of enjoyment of life undergone by the decedent as a result of the Defendants' torturous conduct, up to and including the time of death, and damages for the amounts that Om Pandya would have earned from the date of his death until the end of his life expectancy.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and/or severally in an amount in excess of fifty (50,000.00) thousand in compensatory damages, delayed damages pursuant to Pa. R.C.P. § 238, interest and liable costs of suit, punitive damages and brings this action to recover same.

### COUNT IV – NEGLIGENCE
**Plaintiffs Vishalbhai Pandya and Vishakhaben Pandya, Individually, and on behalf of their minor child, Krushna Pandya vs. United Rentals (North America) Inc.**

62.    Paragraphs 1-61 are incorporated by reference as if fully set forth herein.

63.    Defendant, United Rentals Inc., by and through their employees, agents and/or ostensible agents, were careless, reckless, and grossly negligent when they hired and/or allowed Defendant Kufner Towing Inc., and Defendant Michael E. Bush to tow their trailer without the proper credentials and equipment in the following manner:

    (a)    Directing and contracting with Defendants Kufner Towing Inc., and Michael E. Bush to tow a trailer with or by a vehicle not equipped with a wiring harness to attach to the trailer's independent breaking system, in violation of the statutes of the Commonwealth of Pennsylvania such as 75 Pa. C.S.A. § 3518(4) Equipment/Braking;

    (b)    Negligently entrusting Defendant Kufner Towing Inc., and Michael E. Bush to tow their trailer, knowing that the towing of the trailer without operable independent breaking system attached, was likely to create an unreasonable risk of harm to others; harm such as outlined in the preceding paragraphs and incorporated herein.

    (c)    Failing to hire and/or select, or employ appropriate persons or companies to tow the trailer.

(d)     Failing to use reasonable care under all the circumstances by failing to properly inspect the tow truck and trailer, shortly before it left their facility, to ensure that it was safe to be moved off the premises;

(e)     Failing to ensure that the vehicle being operated was safe for its intended purpose since it did not have wiring for the trailer's independent breaking system;

(f)     Requiring, ordering or by acquiesce, Defendant Bush to tow the trailer knowing that the tow truck was incapable of legally towing the trailer as it did not have any wiring for the trailer's independent breaking system and therefore made inoperable;

(g)     Failing to properly train and supervise employees and management as to the requisite dangers involved with allowing the trailer to be towed without the proper breaking system attached to the tow truck;

(h)     Failing to properly train and supervise management and employees regarding federal and state guidelines relative to the release and towing of a ten thousand (10,000) pound trailer without adequate breaking system attached;

(i)     Failing to warn their employees, subcontractors and management of the danger posed by releasing the ten thousand (10,000) pound generator without the required breaking system wiring attached to the tow truck;

(j)     Failing to adopt, enact, employ, and enforce proper and adequate safety programs, procedures, measures and plans for the release of heavy equipment and the required equipment needed for a tow truck to be permitted to tow a ten thousand (10,000) pound generator; such as assuring that all tow trucks are equipped with

an operable breaking system and that all trailers or equipment are safe to leave their facility;

(k)     Failing to properly supervise and inspect the release of the ten thousand (10,000) pound trailer to Defendant Bush and Kufner Towing, Inc.;

(l)     Failing to properly inspect and supervise the work of their employees when contracting with or releasing a ten thousand (10,000) pound trailer to be towed .

(m)    Failing to hire and/or select appropriate employees or supervisors for their positions and supervisory/managerial positions;

(n)     Failing to conduct appropriate safety checks on their equipment and the tow truck hired to tow before releasing the trailer from their facility; and

(o)     Failing to hire appropriate consultants or train their employees and supervisors/ managers on how to exercise due care over the circumstances described herein.

64.    Defendant United Rentals Inc., is independently liable and vicariously liable, by and through their employees, as well as Defendants Kufner Towing Inc., and  Michael E. Bush, who were careless, reckless, and grossly negligent when they drove a truck, owned by Defendant Kufner Towing Inc., towing a trailer owned by Defendant United Rentals Inc., causing injuries to Plaintiff as previously stated in the preceding paragraphs.

65.    Defendant United Rentals Inc., is independently liable and vicariously liable, by and through their employees, who were acting within the scope of their employment and who were careless, reckless, and grossly negligent when they allowed a truck, owned by Defendant Kufner Towing Inc., to tow a trailer, owned by Defendant United Rentals Inc., causing injuries to Plaintiff as previously stated in the preceding paragraphs in the following manner:

(a)    Failing to operate the vehicle in accordance with the Federal Motor Carrier Safety regulations providing for the towing of a trailer requirements of an independent breaking system;

(b)    Violating 75 Pa. C.S.A. § 3361 Driving a Vehicle at a Safe Speed;

(c)    Violating 75 Pa. C.S.A. § 4502(c) General Requirements for Braking Systems;

(d)    Violating 75 Pa. C.S.A. § 3714 Careless Driving;

(e)    Violating 75 Pa. C.S.A. § 3310 Following too Closely; and

(f)    Violating 75 Pa. C.S.A. § 3518(4) Equipment/Braking System.

66.    Defendant's actions or inactions were substantial factors and/or factual causes and/or increased the risk of harm to all Plaintiffs.

67.    By reason of the carelessness, negligence and other liability producing conduct of Defendant as previously stated, all Plaintiff sustained injuries that led to conscious pain and suffering and fear of impending death; loss of earnings and loss of earnings capacity; loss of enjoyment of life, loss of life's pleasures and loss of consortium; medical bills required to be paid and future medical bills to be paid.

68.    By reasons of the Defendant's intentional or negligent violation of Pennsylvania law, 75 Pa.C.S.A. § 3361, 4502, 3714, 3310 and 3518(4), Defendant is *Negligent Per Se*.

69.    Defendant's intentional violation of state and federal law and intentionally towing or allowed to be towed, a trailer containing over ten thousand (10,000) pounds in weight and in excess of the three thousand (3,000) pound breaking system requirement, as outlined in 75 Pa.C.S.A. § 3518(4), constitutes intentional, wanton, or willful and outrageous conduct warranting punitive damages.

WHEREFORE, Plaintiffs demand judgment against Defendant, jointly and/or severally in an amount in excess of fifty (50,000.00) thousand in compensatory damages, delayed damages pursuant to Pa. R.C.P. § 238, interest and liable costs of suit, punitive damages and brings this action to recover same.

### COUNT V –NEGLIGENT ENTRUSTMENT
**Plaintiffs Vishalbhai Pandya and Vishakhaben Pandya, Individually, and on behalf of their minor child, Krushna Pandya vs. United Rentals (North America) Inc.**

70.    Paragraphs 1-69 are incorporated by reference as if fully set forth herein.

71.    Defendant, United Rentals Inc., by and through their employees, agents, and/or ostensible agents, permitted Kufner Towing Inc., and Michael E. Bush, to tow their ten thousand (10,000) pound trailer, knowing that the tow truck Michael E. Bush was using, owned by Kufner Towing Inc., did not have operable independent breaking system or wiring to attach to the trailer owned by United Rental Inc.

72.    Defendant, United Rentals Inc., knew or should have known that entrusting Kufner Towing Inc., and Michael E. Bush with towing the trailer without operable breaking system or wiring to attach to the trailer created an unreasonable risk of harm to the public, namely Plaintiffs.

73.    Defendant, United Rentals Inc., intentionally entrusting Kufner Towing Inc., and Michael E. Bush with towing the trailer without operable breaking system or wiring to attach to the trailer, which was in complete control of Defendant, United Rentals Inc., was behavior that was willful, wanton and reckless, warranting punitive damages.

74.    Defendant, United Rentals Inc., knew or should have known that entrusting Kufner Towing Inc., and Michael E. Bush with towing the trailer without operable breaking

system or wiring to attach to the trailer was a violation of both Pennsylvania and Federal Law, and therefore, they were negligent "*per se.*"

75.   Defendant, United Rentals Inc., negligent entrustment was a direct, substantial and proximate cause of the injuries to Plaintiffs .

WHEREFORE, Plaintiffs demand judgment against Defendant, jointly and/or severally in an amount in excess of fifty (50,000.00) thousand in compensatory damages, delayed damages pursuant to Pa. R.C.P. § 238, interest and liable costs of suit, punitive damages and brings this action to recover same.

**COUNT VI –NEGLIGENCE**
**Plaintiff William T. Morton, as Administrator and Personal Representative of the**
**Estate of Om Pandya, deceased vs. United Rentals (North America) Inc,**

76.   Paragraphs 1-75 are incorporated by reference as if fully set forth herein.

77.   Defendant, United Rentals Inc., were careless, reckless, and grossly negligent when they hired and/or allowed Defendant Kufner Towing Inc., and Defendant Michael E. Bush to tow their trailer without the proper credentials and equipment in the following manner:

    (a)   Directing and contracting with Defendants Kufner Towing Inc., and Michael E. Bush to tow a trailer with or by  a  vehicle not equipped with a wiring harness to attach to the trailer's independent breaking system, in violation of the statutes of the Commonwealth of Pennsylvania such as 75 Pa. C.S.A. § 3518(4) Equipment/Braking;

    (b)   Negligently entrusting Defendant Kufner Towing Inc., and Michael E. Bush to tow their trailer, knowing that the towing of the trailer without operable independent breaking system attached, was likely to create an unreasonable risk

of harm to others; harm such as outlined in the preceding paragraphs and incorporated herein.

(c)    Failing to hire, selrct and/or employ appropriate persons or companies to tow the trailer.

(d)    Failing to use reasonable care under all the circumstances by failing to properly inspect the tow truck and trailer, shortly before it left their facility, to ensure that it was safe to be moved off the premises;

(e)    Failing to ensure that the vehicle being operated was safe for its intended purpose since it did not have wiring for the trailer's independent breaking system;

(f)    Requiring, ordering (or by aquiesce), Defendant Bush to tow the trailer knowing that the tow truck was incapable of legally towing the trailer as it did not have any wiring for the trailer's independent breaking system and therefore made inoperable;

(g)    Failing to properly train and supervise employees and management as to the requisite dangers involved with allowing the trailer to be towed without the proper breaking system attached to the tow truck;

(h)    Failing to properly train and supervise management and employees regarding federal and state guidelines relative to the release and towing of a ten thousand (10,000) pound trailer without adequate breaking system attached;

(i)    Failing to warn their employees, subcontractors and management of the danger posed by releasing the ten thousand (10,000) pound generator without the required breaking system wiring attached to the tow truck;

(j)     Failing to adopt, enact, employ, and enforce proper and adequate safety programs, procedures, measures and plans for the release of heavy equipment and the required equipment needed for a tow truck to be permitted to tow a ten thousand (10,000) pound generator; such as assuring that all tow trucks are equipped with an operable breaking system and that all trailers or equipment are safe to leave their facility;

(k)     Failing to properly supervise and inspect the release of the ten thousand (10,000) pound trailer to Defendant Bush and Kufner Towing, Inc.;

(l)     Failing to properly inspect and supervise the work of their employees when contracting with or releasing a ten thousand (10,000) pound trailer to be towed .

(m)     Failing to hire, employ and/or select appropriate employees or supervisors for their positions and supervisory/managerial positions;

(n)     Failing to conduct appropriate safety checks on their equipment and the tow truck hired to tow before releasing the trailer from their facility; and

(o)     Failing to hire appropriate consultants or train their employees and supervisors/ managers on how to exercise due care over the circumstances described herein.

78.     Defendant United Rentals Inc., is independently liable and vicariously liable, by and through their employees, who were acting within the scope of their employment and who were careless, reckless, and grossly negligent when they allowed a truck, owned by Defendant Kufner Towing Inc., to tow a trailer, owned by Defendant United Rentals Inc., causing injuries to Plaintiff as previously stated in the preceding paragraphs.

79.     Defendant United Rentals Inc., is independently liable and vicariously liable, by and through their employees, Defendants Kufner Towing Inc., and  Michael E. Bush, who

were careless, reckless, and grossly negligent when they carelessly and recklessly drove a truck, owned by Defendant Kufner Towing Inc., towing a trailer owned by Defendant United Rentals Inc., causing injuries to Plaintiff as previously stated in the preceding paragraphs and in the following manner:

(a)     Failing to operate the vehicle in accordance with the Federal Motor Carrier Safety regulations providing for the towing of a trailer requirements of an independent breaking system;

(b)     Violating 75 Pa. C.S.A. § 3361 Driving a Vehicle at a Safe Speed;

(c)     Violating 75 Pa. C.S.A. § 4502(c) General Requirements for Braking Systems;

(d)     Violating 75 Pa. C.S.A. § 3714 Careless Driving;

(e)     Violating 75 Pa. C.S.A. § 3310 Following too Closely; and

(f)     Violating 75 Pa. C.S.A. § 3518(4) Equipment/Braking System.

80.     Defendant's actions or inactions were substantial factors and/or factual causes and/or increased the risk of harm to Plaintiff.

81.     By reason of the carelessness, negligence and other liability producing conduct of Defendant as previously stated, all Plaintiff sustained injuries that led to conscious pain and suffering and fear of impending death and death; loss of earnings and loss of earnings capacity; loss of enjoyment of life, loss of life's pleasures; medical bills required to be paid as well as funeral costs.

82.     By reasons of the Defendant's intentional or negligent violation of Pennsylvania law, 75 Pa.C.S.A. § 3361, 4502, 3714, 3310 and 3518(4), Defendant is *Negligent Per Se*.

83.     Defendant's intentional violation of state and federal law and intentionally towing or allowed to be towed, a trailer containing over ten thousand (10,000) pounds in weight

and in excess of the three thousand (3,000) pound breaking system requirement, as outlined in 75 Pa.C.S.A. § 3518(4), constitutes intentional, wanton, or willful and outrageous conduct warranting punitive damages.

WHEREFORE, Plaintiffs demand judgment against Defendant, jointly and/or severally in an amount in excess of fifty (50,000.00) thousand in compensatory damages, delayed damages pursuant to Pa. R.C.P. § 238, interest and liable costs of suit, punitive damages and brings this action to recover same.

## COUNT VII –NEGLIGENT ENTRUSTMENT
### Plaintiff William T. Morton, as Administrator and Personal Representative of the Estate of Om Pandya, Deceased vs. United Rentals (North America) Inc.

84.    Paragraphs 1-83 are incorporated by reference as if fully set forth herein.

85.    Defendant, United Rentals Inc., by and through their employees, agents, and/or ostensible agents, permitted Kufner Towing Inc., and Michael E. Bush, to tow their ten thousand (10,000) pound trailer, knowing that the tow truck Michael E. Bush was using, owned by Kufner Towing Inc., did not have operable independent breaking system or wiring to attach to the trailer owned by United Rental Inc.

86.    Defendant, United Rentals Inc., knew or should have known that entrusting Kufner Towing Inc., and Michael E. Bush with towing the trailer without operable breaking system or wiring to attach to the trailer created an unreasonable risk of harm to the public, namely Plaintiffs.

87.    Defendant, United Rentals Inc., intentionally entrusting Kufner Towing Inc., and Michael E. Bush with towing the trailer without operable breaking system or wiring to attach to the trailer, which was in complete control of Defendant, United Rentals Inc., was behavior that was willful, wanton and reckless, warranting punitive damages.

88. Defendant, United Rentals Inc., knew or should have known that entrusting Kufner Towing Inc., and Michael E. Bush with towing the trailer without operable breaking system or wiring to attach to the trailer was a violation of both Pennsylvania and Federal Law, and therefore, they were negligent *"per se."*

89. Defendant, United Rentals Inc., negligent entrustment was a direct, substantial and proximate cause of the injuries to Plaintiffs .

WHEREFORE, Plaintiffs demand judgment against Defendant, jointly and/or severally in an amount in excess of fifty (50,000.00) thousand in compensatory damages, delayed damages pursuant to Pa. R.C.P. § 238, interest and liable costs of suit, punitive damages and brings this action to recover same.

## COUNT VIII –WRONGFUL DEATH ACTION
### Plaintiff William T. Morton, as Administrator and Personal Representative of the Estate of Om Pandya, Deceased vs. United Rentals (North America) Inc.

90. Paragraphs 1-89 are incorporated by reference as if fully set forth herein.

91. Plaintiff, William T. Morton, brings this action as Administrator and Personal Representative of the Estate of Om Pandya, Deceased, on behalf of those entitled by law to recover for his wrongful death under and by virtue of 42 Pa. C.S.A. § 8301, et seq, commonly known as the Pennsylvania Wrongful Death Act.

92. No action for damages was brought by Om Pandya during his lifetime as a result of the accident at issue of this case.

93. Plaintiff, William T. Morton, claims damages for the pecuniary loss suffered by Decedents' beneficiaries by reason of death of Om Pandya and specifically for reimbursement of medical expenses, funeral expenses, and expenses of administration.

94.     Plaintiff, William T. Morton, as Administrator of the Estate of Om Pandya, claims

damages resulting from the depravation of comfort, aide, assistance, and society and the

loss of guidance and tutelage to his beneficiaries due to the death of Om Pandya.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and/or severally

in an amount in excess of fifty (50,000.00) thousand in compensatory damages, delayed damages

pursuant to Pa. R.C.P. § 238, interest, and liable costs of suit, and brings this action to recover

same.

**COUNT IX–SURVIVAL ACTION**
**Plaintiff William T. Morton, as Administrator and Personal Representative of the**
**Estate of Om Pandya, Deceased vs. United Rentals (North America) Inc.**

95.     Paragraphs 1-94 are incorporated by reference as if fully set forth herein.

96.     Plaintiff, William T. Morton, as Administrator of the Estate of Om Pandya, also brings

this action under and by virtue of Pa. C.S.A. §8302, commonly known as the

Pennsylvania Survival Act.

97.     The Estate of Om Pandya claims damages for pain and suffering, embarrassment,

humiliation, disfigurement, and loss of enjoyment of life undergone by the decedent as a

result of the Defendants' torturous conduct, up to and including the time of death, and

damages for the amounts that Om Pandya would have earned from the date of his death

until the end of his life expectancy.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and/or severally

in an amount in excess of fifty (50,000.00) thousand in compensatory damages, delayed damages

pursuant to Pa. R.C.P. § 238, interest and liable costs of suit, punitive damages and brings this

action to recover same.

## COUNT X – LOSS OF CONSORTIUM
### Plaintiff, Vishalbhai Pandya and Plaintiff William T. Morton, as Administrator and Personal Representative of the Estate of Om Pandya, Deceased v. Kufner Towing, Inc., Michael E. Bush and United Rentals (North America) Inc.,

98.    Paragraphs 1-97 are incorporated by reference as if fully set forth herein.

99.    Plaintiff, Vishalbhai Pandya, is an adult individual and at all relevant times hereto, was and is the husband of Vishakhaben Pandya and was the father of Om Pandya.

100.    As a result of Defendants' negligence, Plaintiff, Vishalbhai Pandya, suffered damages as follows:

    A.    Loss of companionship, affection, conjugal and emotional support;

    B.    Increased household and economic duties;

    C.    Loss of the ability to have additional children; and

    D.    Loss of the ability to receive love, care, support and companionship his deceased child would have and did give.

WHEREFORE, the Plaintiff, Vishalbhai Pandya, demands judgment against Defendants in an amount in excess of the limits of arbitration, pain, and damages, plus interest, delayed damages, punitive damages, costs, and whatever further relief this court deems proper or that justice requires.

## COUNT XI– LOSS OF CONSORTIUM
### Plaintiff, Vishalbhai Pandya and Plaintiff William T. Morton, as Administrator and Personal Representative of the Estate of Om Pandya, Deceased v. Kufner Towing, Inc., Michael E. Bush and United Rentals (North America) Inc.,

101.    Paragraphs 1-100 are incorporated by reference as if fully set forth herein.

102.    Plaintiff, Vishakhaben Pandya, is an adult individual and at all relevant times hereto, was and is the wife of Vishalbhai Pandya and was the mother of Om Pandya.

103.    As a result of Defendants' negligence, Plaintiff, Vishakhaben Pandya, suffered

damages as follows:

    A.    Loss of companionship, affection, conjugal and emotional support;

    B.    Increased household and economic duties;

    C.    Loss of the ability to bear children; and

    D.    Loss of the ability to receive love, care, support and companionship her
        deceased child would have and did give.

WHEREFORE, the Plaintiff, Vishakhaben Pandya, demands judgment against

Defendants in an amount in excess of the limits of arbitration, pain, and damages, plus interest,

delayed damages, punitive damages, costs, and whatever further relief this court deems proper or

that justice requires.


Respectfully Submitted,


By: _s/Charbel G. Latouf____
    Charbel G. Latouf, Esquire
    PA ID NO. 83455
    2409 State Street/Suite A
    Erie, PA 16503
    (p) 814/454-4555 (f) 814-456-9398
    charbel@latouflawfirm.com

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM T. MORTON, Administrator to the       :
Estate of OM PANDYA, deceased,                :
VISHALBHAI PANDYA and VISHAKHABEN             :       CIVIL ACTION
PANDYA, Individually, and on behalf of their  :
minor child, KRUSHNA PANDYA                   :
                                              :       DOCKET NO.   1:23-CV-314
                          Plaintiffs          :
            V.                                :
                                              :
KUFNER TOWING, INC.,                          :
UNITED RENTALS (NORTH AMERICA), INC.,         :
  a/k/a UNITED RENTALS, INC.                  :
and MICHAEL E. BUSH                           :
                          Defendants          :

## **VERIFICATION**

William T. Morton, Administrator to the Estate of Om Pandya, deceased, Vishalbhai

Pandya and Vishakhaben Pandya, individually and on behalf of their minor child, Krushna

Pandya, Plaintiffs in the above matter, depose and say that the facts set forth in the foregoing

Amended Civil Complaint are true and correct to the best of their knowledge, information, and

belief. This statement is made subject to the penalties of 18 Pa. C. S. A. Section 4904 relating to

unsworn falsification to authorities.

William T. Morton, Administrator
Of the Estate of Om Pandya

Vishalbhai Pandya

Vishakhaben Pandya