IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM T. MORTON, Administrator )
to the Estate of OM PANDYA, deceased, )
et al., )          C.A. No. 23-314 Erie
    Plaintiffs )
)
v. )
)          District Judge Susan Paradise Baxter
KUFNER TOWING, INC., et al., )
    Defendants. )

**MEMORANDUM OPINION**

**I.**  **INTRODUCTION**

This personal injury action was initiated on September 28, 2023, by Plaintiffs William T. Morton, Administrator to the estate of Om Pandya, deceased, and Vishalbhai Pandya ("Mr. Pandya") and his wife, Vishakhaben Pandya ("Mrs. Pandya"), individually and on behalf of their minor child, Krushna Pandya ("Krushna"), in the Court of Common Pleas of Erie County, Pennsylvania, against Defendants Kufner Towing, Inc. ("Kufner"), United Rentals, Inc. a/k/a United Rentals ("United"), and Michael E. Bush ("Bush"). [ECF No. 1-2]. The case arises from a motor vehicle accident that occurred on May 22, 2023, at or near mile marker 8 on Interstate 90, near Girard Township in Erie County, Pennsylvania. The accident caused Plaintiffs Mr. and Mrs. Pandya and their minor child, Krushna, to suffer significant injuries, and resulted in the death of Om Pandya.

The case was removed to this Court pursuant to a Notice of Removal filed by Defendant United on November 10, 2023 [ECF No. 1]. Thereafter, on December 7, 2023, Plaintiffs filed an amended complaint [ECF No. 14], which is the operative pleading in this case. Plaintiffs'

1

amended complaint contains eleven counts: Count I is a negligence claim brought by Mr. and Mrs. Pandya, individually and on behalf of their minor child Krushna, against Defendants Kufner and Bush; Counts II and III are wrongful death and survival actions, respectively, brought by Morton, as administrator of the estate of decedent, Om Pandya, against Defendants Kufner and Bush; Counts IV and V are negligence and negligent entrustment claims, respectively, brought by Mr. and Mrs. Pandya, individually and on behalf of their minor child Krushna, against Defendant United; Counts VI and VII are negligence and negligent entrustment claims brought by Morton, as administrator of the estate of decedent, Om Pandya, against Defendant United; Counts VIII and IX are wrongful death and survival actions, respectively, brought by Morton, as administrator of the estate of decedent, Om Pandya, against Defendant United; and Counts X and XI are loss of consortium claims brought by Mr. Pandya and Mrs. Pandya, respectively, against all Defendants. As relief for their claims, Plaintiffs seek, *inter alia,* punitive damages as to all claims other than the wrongful death claims at Counts II and VIII.

On September 18, 2023, Defendants Kufner and Bush filed a partial motion to dismiss [ECF No. 16] and on September 20, 2023, Defendant United filed its own partial motion to dismiss [ECF No. 18], each seeking dismissal of Plaintiffs' claims for punitive damages. Plaintiffs have since filed a response in opposition to both motions [ECF No. 20]. This matter is now ripe for consideration.

## II.   DISCUSSION

Under Pennsylvania law, an award of punitive damages is justified only where the plaintiff has established that the defendant acted "in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." Phillips v. Cricket Lighters, 883 A.2d 439, 445-46 (Pa. 2005); see also Boring v. Google Inc., 362 Fed. Appx 273,

282 (3d Cir. 2010) citing Feld v. Merriam, 485 A.2d 742, 747-48 (Pa. 1984) ("Pennsylvania law provides that a defendant must have engaged in 'outrageous' or intentional, reckless or 'malicious' conduct to sustain a claim for punitive damages."). "Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages." Hutchinson v. Penske Truck Leasing Co., 876 A.2d 978, 983-84 (Pa. Super. 2005) (hereinafter, "Penske Truck") citing Martin v. Johns-Manville Corp., 508 Pa. 154, 169 (1985). A punitive damages claim "must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchison v. Luddy, 582 Pa. 114, 124 (2005), citing Martin, 508 Pa. at 170-71.

The standard for awarding punitive damages under Pennsylvania law is well-established:

> Punitive damages may be awarded for conduct that is *outrageous*, because of the defendant's evil motive or his reckless indifference to the right of others … [a]s the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.

Luddy, 582 Pa. at 121 (emphasis added). While ordinary negligence will not support an award of punitive damages, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." Id. at 120 (internal citation omitted).

Moreover, in Pennsylvania, "the question of punitive damages is usually determined by the trier of fact and the Court is to decide the issue only when no reasonable inference from the facts alleged supports a punitive award." Anderson v. National Ins. Enterprise, 187 F.Supp.2d

3

447, 460 (W.D. Pa. 2002), citing Eagle Traffic Control v. Addco, 889 F.Supp. 200, 201 (E.D.Pa.1995) (citing Trotman v. Mecchella, 618 A.2d 982, 985 (Pa. Super.1992)).

Here, the Court finds that Plaintiff has pled sufficient facts that, if proven at trial, could support the imposition of punitive damages. In particular, Plaintiff has alleged that Defendants acted in a reckless manner, that their actions were outrageous, and that they acted despite knowing such actions created a high risk of physical harm. Specifically, Plaintiff alleges that Defendants knowingly violated Pennsylvania law by intentionally towing, or allowing to be towed, a trailer containing a gas generator weighing over 10,000 pounds without an operable independent braking system attached. Further, Plaintiff alleges, *inter alia*, that Defendant Bush failed to operate his vehicle at a safe speed considering the weight of the trailer, and Defendant Kufner failed to properly train and supervise its employees "as to the requisite dangers involved with allowing the trailer to be towed without the proper braking system attached to the tow truck."

The foregoing allegations, if proven, support a claim for punitive damages, even though Plaintiff's complaint sounds in negligence. Although the facts may later prove, at most, that Defendants were merely negligent, discovery is necessary. The Court finds that dismissing Plaintiff's punitive damages claim at this stage of the litigation would be premature.

An appropriate Order follows.